UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| R & M INNOVATIONS LLC,<br><br>　　　　Plaintiff and<br>　　　　Counterdefendant,<br><br>　v.<br><br>ALLIANCE SALES & MARKETING MW, INC., and DOES 1 TO 20;<br><br>　　　　Defendant and<br>　　　　Counterclaimant. | No. 2:24-cv-00058 WBS AC<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS COUNTERCLAIMS |
| BRIGHT PEOPLE FOODS, INC. DBA DR. MCDOUGALL'S RIGHT FOODS;<br><br>　　　　Plaintiff and<br>　　　　Counterdefendant,<br><br>　v.<br><br>ALLIANCE SALES & MARKETING MW, INC., and DOES 1 TO 20;<br><br>　　　　Defendant and<br>　　　　Counterclaimant. | No. 2:24-cv-00060 WBS AC |

----oo0oo----

Plaintiffs-counterdefendants R & M Innovations LLC and Bright People Foods, Inc. brought these now-related actions alleging breach of a contract concerning the promotion of plaintiffs' food products to retailers and distributors. (R & M Docket No. 1-2; Bright People Docket No. 1-2.) Defendant-counterclaimant in both actions, Alliance Sales & Marketing, brought counterclaims alleging, inter alia, violation of the Wholesale Representative Contractual Relations Act of 1990 (the "Act"), Cal. Civil Code § 1738.10 et seq. (R & M Counterclaims (Docket No. 22); Bright People Counterclaims (Docket No. 22).) Counterdefendants now move to dismiss the counterclaims brought under the Act in both actions. (R & M Docket No. 23; Bright People Docket No. 23.)

I.  Wholesale Sales Representative

Counterdefendants argue that Alliance has failed to plead that it is a "wholesale sales representative" as required by the Act. This argument lacks merit.

Under the Act, a "wholesale sales representative" is "any person who contracts with a manufacturer, jobber, or distributor for the purpose of soliciting wholesale orders, is compensated, in whole or part, by commission, but shall not include one who places orders or purchases exclusively for his own account for resale and shall not include one who sells or takes orders for the direct sale of products to the ultimate consumer." Cal. Civ. Code § 1738.12(e).

The counterclaims allege that Alliance is a "sales agent with a primary focus in growing its clients' food and

2

beverage brands at targeted retailers." (R & M Counterclaims ¶ 12; Bright People Counterclaims ¶ 12.)  Bright People and R & M are "in the business of manufacturing and marketing . . . food products" under various brand names. (Id. ¶ 13.) Under its agreements with both counterdefendants, Alliance was "obligated to provide various sales and marketing services . . ., including the solicitation of wholesale orders." (Id. ¶ 15.)  In return, counterdefendants agreed to pay "commission[s]" at a "rate of 3% of invoiced sales net cashed receipts minus advertising fees, freight and all deductions including those for promotions, slotting, fees etc." (See id. ¶ 16 (cleaned up).)

Assuming the truth of these allegations, Alliance was acting as a commission-compensated "middleman" for products to be resold, not selling directly to the end consumer. See Reilly v. Inquest Tech., Inc., 218 Cal. App. 4th 536, 547 (4th Dist. 2013). Accordingly, Alliance has sufficiently pled that it was a "wholesale sales representative" within the meaning of the Act. See Cal. Civ. Code § 1738.12(e).

II. Willfulness

Counterdefendants argue that Alliance has failed to plead that counterdefendants acted "willfully." The Act provides: "A manufacturer, jobber, or distributor who willfully fails to enter into a written contract as required by this chapter or willfully fails to pay commissions as provided in the written contract shall be liable to the sales representative in a civil action for treble the damages proved at trial." Cal. Civ. Code § 1738.15.

"Malice, intent, knowledge, and other conditions of a

3

person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). Willfulness is one such state of mind. See Bryan v. United States, 524 U.S. 184, 191 (1998) (in the criminal law context, "willfully" "typically refers to a culpable state of mind"); Friedman v. Live Nation Merch., Inc., 833 F.3d 1180, 1186 (9th Cir. 2016) (in the copyright infringement context, "[a] determination of willfulness requires an assessment of a defendant's state of mind"); In re Plyam, 530 B.R. 456, 463 (B.A.P. 9th Cir. 2015) (in the bankruptcy context, whether a party acted with "willfulness" is a question of "state of mind"). Willfulness may therefore be pled "generally." See Fed. R. Civ. Proc. 9(b).

The counterclaims allege that counterdefendants "willfully failed to pay . . . commissions owed" and "willfully failed to provide copies of all purchase orders and invoices." (R & M Counterclaims ¶ 32; Bright People Counterclaims ¶ 31.) Counterdefendants have cited no on-point authority to support the argument that Alliance must do anything more to plead willfulness under Rule 9(b).[1]

---

[1] Several of the cases cited by counterdefendants dealt with merits-based arguments and did not address the requirements for pleading "willfulness" under the Act. See Reilly, 218 Cal. App. 4th at 540-41 (review of jury's special findings verdict); Baker v. Am. Horticulture Supply, Inc., 185 Cal. App. 4th 1295, 1077 (2d Dist. 2010), as modified on denial of reh'g (July 21, 2010) (review of judgment entered following trial court's grant of motion for directed verdict); Senah, Inc. v. AVIC Forstar S&T Co., No. 16-cv-07053 RS, 2019 WL 3486064, at *1 (N.D. Cal. Aug. 1, 2019), aff'd, 809 F. App'x 441 (9th Cir. 2020) (award of damages on motion for default judgment); Elia v. Roberts, No. 1:16-cv-0557 AWI EPG, 2018 WL 4849653, at *1 (E.D. Cal. Oct. 4, 2018) (post-trial motions for modification of damage award).
   While one case cited involved a motion to dismiss, that case did not address the standard for pleading willfulness,

1           For the foregoing reasons, the court concludes that
2   Alliance has pled the "wholesale sales representative" and
3   "willfulness" elements of a violation of the Act and will deny
4   the motions to dismiss.
5           IT IS THEREFORE ORDERED that counterdefendants' motions
6   to dismiss (R & M Docket No. 23; Bright People Docket No. 23) be,
7   and the same hereby are, DENIED.
8   Dated:  September 30, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

25  instead appearing to assume without deciding that the standard
26  under Rule 12(b)(6) applied to allegations of willfulness. See
    ErgoCare, Inc. v. D.T. Davis Enterprises, Ltd., No. 12-cv-02106
27  DMG SPX, 2013 WL 12246342, at *3-5 (C.D. Cal. Dec. 26, 2013).
    This case does not indicate that the court should create an
28  exception to Rule 9(b) for pleading willfulness under the Act.